**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

TIMOTHY T.[1],

      **Plaintiff,**

   v.

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

Civil Action 1:22-cv-441
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

Plaintiff, Timothy T., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income. This matter is before the Court for disposition based upon Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Memorandum in Opposition (ECF No. 11), Plaintiff's Reply (ECF No. 14), and the administrative record (ECF No. 7). For the reasons that follow, the Court **REVERSES** the Commissioner of Social Security's nondisability finding, and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

**I.   BACKGROUND**

Plaintiff protectively filed his application for benefits on December 6, 2019, alleging that he has been disabled since November 1, 2016, due to post concussive syndrome; positional central vertigo; extreme dizziness followed by nausea, head rush and black-outs, room spins, and

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

difficulty balancing; severe headaches and migraines with pressure on his brain; a complete loss of smell; severe depression; loss of motor skills and functioning, with weakness and numbness in extremities; delusions and hallucinations; insomnia, erratic sleep patterns, and night terrors; severe memory loss and severely impaired cognitive function; and severe emotional and mental issues.  (R. at 281-88, 301, 311.)  Plaintiff's application was denied initially in December 2020 and upon reconsideration in April 2021.  (R. at 131-82, 187-207.)  On July 22, 2021, Plaintiff sought a *de novo* hearing before an administrative law judge.  (R. at 211-12, 231-45.)  Administrative law judge Renita K. Bivins (the "ALJ") held a telephone hearing on November 2, 2021, at which Plaintiff, who was represented by counsel, appeared and testified.  (R. at 47-130.)  A vocational expert ("VE") also appeared and testified.  (*Id.*)  On March 3, 2022, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 7-34.)  On July 5, 2022, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  (R. at 1-6.)

**II.     RELEVANT RECORD EVIDENCE**

The Court has thoroughly reviewed the transcript in this matter, including Plaintiff's medical record, function and disability reports, and testimony as to his conditions and resulting limitations.  Given the claimed error raised by Plaintiff which the Court finds to be well taken, rather than summarizing that information here, the Court will refer and cite to it as necessary in the discussion of the parties' arguments below.

## III.     ADMINISTRATIVE DECISION

On March 3, 2022, the ALJ issued her decision. (R. at 7-34.) First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021. (R. at 13.) Then, at step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 1, 2016, the alleged onset date. (*Id.*) The ALJ found that Plaintiff has the severe impairments of Traumatic brain injury; vertiginous syndrome; carpal tunnel syndrome; mild sensorineural hearing loss (SNHL); neurocognitive disorders; depressive, bipolar related disorders; anxiety and obsessive compulsive disorders; trauma and stressor-related disorder; and substance addiction disorders. (*Id.*) The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 15.)

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

("RFC") as follows:

> After careful consideration of the entire record, the [ALJ] find[s] that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for the following restrictions: He is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk six hours per eight-hour day and sit for six hours per eight-hour day, with normal breaks. He can occasionally climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can occasionally balance as defined in the Selected Characteristics of Occupations. He can occasionally stoop, kneel, crouch, and crawl. He can frequently finger, hand, and feel bilaterally. He must void concentrated exposure to noise meaning he is limited to work environment with moderate noise levels and office-level noise. He must avoid all exposure to hazards of dangerous moving machinery, commercial driving, and unprotected heights of ladders, ropes, or scaffolds. He can understand, remember, and carry out one to two step tasks. He can maintain concentration and attention and sustain persistence and pace for two-hour intervals in an eight-hour workday without strict production demands. He can interact frequently with the public and interact with coworkers and supervisors on a superficial basis meaning no duties requiring conflict resolution, persuading others, or tandem task and duties that can be performed independently. He can adapt to work setting in which duties are routine and predictable and major changes are clearly explained and introduced slowly for adaptation[.]

(R. at 18.) At step four of the sequential process, the ALJ determined that Plaintiff is unable to perform his past relevant work as a construction laborer, construction project manager, or sales services promoter. (R. at 26.) At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that he can perform, such as a folder, cleaner, marker, worm packer or vacuum bottle assembler. (R. at 27-28.) The ALJ therefore concluded that Plaintiff has not been disabled since November 1, 2016. (R. at 29.)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009)

4

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives [Plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V.  **ANALYSIS**

Plaintiff sets forth three main contentions of error: (1) that the ALJ's RFC is not supported by substantial evidence; (2) that the ALJ improperly failed to find severe radicular impairments; and (3) that the ALJ improperly failed to discuss or discount meaningful evidence. (ECF No. 10 at PAGEID ## 582-589.) As discussed below, the Court finds Plaintiff's third

5

assignment of error to be well taken. This finding obviates the need for in-depth analysis of the remaining issues. Thus, the Court need not, and does not, resolve the alternative bases that Plaintiff asserts support reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's other arguments if appropriate.

In his third assignment of error, Plaintiff argues that the ALJ improperly failed to acknowledge, let alone discuss, certain evidence which postdated the State agency consultants' opinions (which the ALJ found to be "largely persuasive"). (ECF No. 10 at PAGEID # 588; ECF No. 14 at PAGEID # 624 ("[T]here is compelling new evidence in this record that indeed renders the state agency consultant opinions untenable.").) Specifically, Plaintiff argues that "the ALJ failed to mention the results of [Plaintiff's] EMG, the 2021 MRI, tilt-table test and VNG test AT ALL in her decision," and that "[t]he ALJ also utterly failed to mention or account for the Plaintiff's 2021 fall, in which he suffered a tibial plateau fracture and meniscus tear." (ECF No. 10 at PAGEID # 588.) Plaintiff believes that "[a]t minimum, the claim must be remanded for the ALJ to meaningfully explain how she arrived at her RFC in the face of the studies." (*Id.*)

In response, the Commissioner provides arguments that lack support in the record. First, for example, the Commissioner states that "the ALJ added even more . . . restrictions [than the State agency consultants] to the RFC to account for later medical evidence," but the ALJ's decision expressly contradicts this conclusion. (ECF No. 11 at PAGEID # 600 (citing R. at 19-20).) Instead, the ALJ affirmatively noted that she added restrictions "to accommodate [Plaintiff's] allegations of dizziness/vertigo as well as extremity numbness," not in response to any objective medical evidence or the fact that Plaintiff suffered a fall in June 2021.[3] (R. at 22.)

---

[3] The Commissioner also argues that the ALJ "further restricted Plaintiff to occasionally climb ramps and stairs . . . , added a ban on commercial driving, and further limited Plaintiff to only

6

Indeed, the Court notes that the Commissioner does ***not*** dispute Plaintiff's contention that the ALJ failed to discuss the objective tests cited by Plaintiff which postdated the State agency consultants' review. (*See generally* ECF No. 11 at PAGEID ## 593-612.) Nor does the Commissioner dispute that the ALJ failed to mention Plaintiff's 2021 fall at all. (*Id.*) To the contrary, in defending the ALJ's analysis, the Commissioner emphasizes that the ALJ "specifically cited to evidence shown that even by Plaintiff's own accounts, he had improved balance and ***had not experienced any falls***." (*Id.* at PAGEID # 603 (emphasis added).)

Accordingly, because the Commissioner failed to discuss, let alone account for, certain relevant objective medical evidence which postdated the State agency consultants' analysis, or the fact that Plaintiff suffered a fall in 2021, Plaintiff's argument is well taken. As a preliminary matter, courts recognize that "[t]here will always be a gap between the time the agency experts review the record, give their opinions, and the time the hearing decision is issued." *Rienstra v. Comm'r of Soc. Sec.*, No. 1:21-CV-7, c, at *5 (W.D. Mich. Sept. 14, 2022) (citing *Kelly v. Comm'r of Soc. Sec.,* 314 F. App'x 827, 831 (6th Cir. 2009)). That said, "[a]bsent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand." *Id.* Instead, "so long as an ALJ considers additional evidence occurring after a state agency physician's opinion, [they]

---

being able to 'frequently finger, hand, and feel bilaterally.'" Yet, the ALJ's decision confirms that these additional restrictions came from Plaintiff's subjective complaints and from record evidence predating the State agency consultants' review, not from any additional objective medical evidence which postdated the State agency consultants' review. (*Compare* ECF No. 11 at PAGEID # 600 *with* R. at 22 (stating that the ALJ imposed slightly stricter restrictions on Plaintiff's use of ramps and stairs, and manipulative restrictions, "to accommodate [Plaintiff's] allegations of dizziness/vertigo as well as extremity numbness"), R. at 23 (stating that "the [RFC] restricts [Plaintiff] from commercial driving in accordance with Dr. Kennington's [November 16, 2020] observation that [Plaintiff] would have difficulty with transportation").)

7

ha[ve] not abused [their] discretion." *Ruby v. Colvin*, No. 2:13-cv-01254, 2015 WL 1000672, at *4 (S.D. Ohio Mar. 5, 2015); *see also McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) ("[Plaintiff] also argues that the ALJ improperly relied on the state agency physicians' opinions because they were out of date and did not account for changes in her medical condition. It is clear from the ALJ's decision, however, that he considered the medical examinations that occurred after [the state agency physician's] assessment . . . and took into account any relevant changes in [Plaintiff's] condition.").

But the ALJ did not do so here. As Plaintiff correctly observes, Plaintiff underwent a number of objective medical examinations and assessments after the State agency consultants rendered their opinions, but the ALJ's decision makes no mention of any them. (*See* ECF No. 10 at PAGEID ## 578 (citing R. at 490-500 (2021 VNG test), 529-532 (2021 MRI and tilt-table test)).). In June 2021, Plaintiff also lost his balance and suffered a fall at home, injuring his left knee. (*Id.* (citing R. at 529-532); *see also* R. at 121.) Perhaps a detailed review of this additional evidence would have changed the ALJ's perspective, or perhaps not. That is not for the Court to decide.[4] Rather, it is the ALJ's obligation to consider *all* of the evidence in the record – even the evidence the State agency consultants did not have the benefit of reviewing – and to build a logical bridge between the evidence and the ALJ's own findings. Because the ALJ did not do so here, she abused her discretion such that remand is necessary. *Ruby*, 2015 WL 1000672, at *4.

---

[4] In this instance, however, the Court notes that at the very least the ALJ would need to acknowledge the fact that Plaintiff's 2021 fall directly contradicts the ALJ's comment that Plaintiff "had not experienced any falls," a specific piece of evidence the ALJ used to undermine the opinion of Plaintiff's treating physician Ravi Samy, M.D. (R. at 21-22 (finding that Dr. Samy's assessment "does not comport with accounts of improved balance and the fact that [Plaintiff] had not experienced any falls.").) The ALJ may ultimately still find Dr. Samy's opinion unpersuasive, but in doing so the ALJ must address this inconsistency.

## VI. CONCLUSION

Based on the foregoing, the decision of the Commissioner is **REVERSED** and this action is **REMANDED** to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

**Date: April 25, 2023**                    */s/ Elizabeth A. Preston Deavers*
                                            **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**