IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY T.,[1]

    **Plaintiff,**

v.

    Case No. 1:22-cv-441
    Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney Fees and Costs Under Social Security Act 42 U.S.C. § 406(b). (Mot., ECF No. 17.) Defendant filed a Response. (Resp., ECF No. 19.) This matter is ripe for judicial review. For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

I.    BACKGROUND

On July 29, 2022, Plaintiff filed this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for Social Security Disability ("SSD") benefits. (ECF No. 1.) On April 26, 2023, the Court reversed the decision of the Commissioner and remanded the action, pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further administrative proceedings. (ECF No. 15.) Following remand, the Administrative Law Judge issued a fully favorable decision on December 8, 2023, finding Plaintiff disabled as of November 1, 2016. (Mot. at PageID 637; ECF No. 17-1, at PageID 651.) On February 10, 2025, the Commissioner issued a Notice of Award for past-due SSD benefits in

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

the amount of $219,868.00, withholding $54,967.00 (or 25% of the past due benefits) to pay any approved representative's fee. (Mot. at PageID 637; ECF No. 17-1, at PageID 652.)

On February 24, 2025, counsel for Plaintiff filed a Motion for Attorney Fees and Costs Under Social Security Act 42 U.S.C. § 406(b), requesting a fee of $15,000.00 and reimbursement of $400.00 in court costs. (Mot. at PageID 640.) Defendant does not oppose or join counsel for Plaintiff's request for fees, but it does oppose his request for costs. (Resp. at PageID 658–59.)

## II.     STANDARD OF REVIEW

Counsel moves for fees pursuant to 42 U.S.C. § 406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Pursuant to this statute, the Court may only award fees for work done at the district court level. *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings."); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) ("The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.").

In evaluating the reasonableness of requested fees, the Court "begin[s] by using twenty-five percent of the past due benefits as a benchmark." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) ("While we use that mark as a starting point for the court's analysis, we

2

emphasize that it is not to be viewed as *per se* reasonable."). When a claimant has entered into a contingency fee agreement entitling counsel to 25% of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Id.* at 746. The Court, however, still stands as an "independent check" on the reasonableness of such arrangements. *Gisbrecht*, 535 U.S. at 807 (2002).

In assessing the reasonableness of a fee, courts can consider a variety of factors including the character of the counsel's representation, the results achieved, counsel's delay in moving for a fee award, and the number of hours counsel spent on the case. *Id.* at 808. The Court should reduce fees in situations where counsel "would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746. Even in contingency-agreement cases, the Court may calculate hourly rates in considering whether an award results in a windfall. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421–22 (6th Cir. 1990). The United States Court of Appeals for the Sixth Circuit, however, has expressed dissatisfaction with the use of an across-the-board, strict hourly rate limitation:

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422.

### III.     ANALYSIS

The Court finds that counsel's requested fee award is reasonable. As an initial matter, counsel seeks substantially less than what he is entitled to under the 25% contingency fee agreement that he and Plaintiff executed for his administrative and federal court work. (Mot. at

PageID 637.) Counsel concedes that 25% of Plaintiff's past-due SSD benefits, $54,967.00, would result in an impermissible windfall and is unreasonable. (*Id.* at PageID 638.) Instead of seeking a fee award of $54,967.00, Counsel seeks, and Plaintiff agrees to, a fee award of $15,000.00 for twenty hours of work in federal court. (Mot. at PageID 638; ECF No. 17-2.) Defendant does not oppose this fee award.

Further, the Court finds no issues with the character of counsel's representation, and counsel achieved more than satisfactory results for Plaintiff. Counsel moved for an award of fees only two weeks after the Commissioner issued a Notice of Award for past-due SSD benefits. Counsel spent twenty hours on this case, resulting in an hourly rate of $750.00. (Mot. at PageID 639.) There is no indication that the time counsel expended was excessive or improperly charged. The Court, therefore, concludes that the hourly rate, while high, does not exceed a reasonable contingent fee rate and does not constitute a windfall. *See Smith v. Comm'r of Soc. Sec.*, No. 2:10-cv-701, 2014 WL 618996, at *2 (S.D. Ohio Feb. 18, 2014) (recommending fee request of effective hourly rate of $750.00), *adopted*, 2014 WL 1046025 (S.D. Ohio Mar. 17, 2014); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) (finding that an effective hourly rate of $750.00 is reasonable), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014). Accordingly, the Court will approve a fee award of $15,000.00.

The Court finds that counsel's request for court costs is not permitted under 42 U.S.C. § 406(b). Counsel does not cite any authority that indicates court costs are appropriate under 42

U.S.C. § 406(b).[2]  After conducting its own review, the Court finds that 42 U.S.C. § 406(b) does not provide for court costs.  Counsel's request for costs is therefore denied.

### IV.     CONCLUSION

For the foregoing reasons, the Motion (ECF No. 17) is **GRANTED in part** and **DENIED in part**.  The Court **AWARDS** counsel for Plaintiff attorney's fees in the amount of **$15,000.00** and **DECLINES** counsel for Plaintiff's requests for costs in the amount of $400.00.

**IT IS SO ORDERED.**

|  |  |
|---|---|
| **DATED:  April 1, 2025** | **/s/ *Elizabeth A. Preston Deavers*** <br> **ELIZABETH A. PRESTON DEAVERS** <br> **UNITED STATES MAGISTRATE JUDGE** |

---

[2] Defendant cites to two cases outside of the Sixth Circuit that held 42 U.S.C. § 406(b) does not provide for court costs.  (Resp. at PageID 658–59.)  *See Outlaw v. Chater*, 921 F. Supp. 13, 18 (D.D.C. 1996) ("section 406(b) does not provide for the award of costs."); *Reinert v. Berryhill*, No. 14-0381 LAM, 2017 WL 3602051, at *2 (D.N.M. Feb. 27, 2017) ("[Section] 406(b) does not provide for an award of costs. . . .).